**REA TRUCKING COMPANY, Inc.,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS
BOARD,** Respondent.

No. 25087.

United States Court of Appeals,
Ninth Circuit.

March 19, 1971.

William B. Wyllie (argued), of Williams, Skopil, Miller, Beck & Wyllie, Salem, Or., for petitioner.

Daniel Katz (argued), N. L. R. B., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Washington, D. C., Charles M. Hender-

son, Director, N. L. R. B.; George H. Davies, Seattle, Wash., for respondent.

Before MERRILL, KOELSCH and WRIGHT, Circuit Judges.

PER CURIAM:

Rea Trucking Company has petitioned this court to review and set aside an order of the National Labor Relations Board finding that company to have been guilty of unfair labor practices. The Board has cross-petitioned for enforcement of its order.

██ We are well satisfied that substantial evidence on the record as a whole supports the Board's finding that petitioner laid off fifteen employees in order to discourage union activity among its employees, in violation of § 8(a) (3) and (1) of the Act.

Petitioner contends, however, that the complaint filed by the Regional Director asserts that the employees were discharged "because of their activities on behalf of the union"; that the record is silent as to whether any of them were active on behalf of the union; that the findings do not purport to reach this question. Thus petitioner contends that it has been found guilty of an unfair labor practice other than the one alleged in the complaint.

██ The charge filed by the union (which resulted in the complaint) was wholly consistent with the findings of the Board. While the complaint did indulge in different phraseology respecting the anti-union motive for the discharges, we are satisfied that any variance between the findings and the allegations of the complaint in the light of the union's charge was not prejudicial. A variance between complaint and findings will not defeat a Board determination where the issue on which the findings were based was fully litigated. See Owens-Corning Fiberglass Corp. v. N. L. R. B., 407 F.2d 1357, 1361 (4th Cir. 1969). Indeed, "The Board * * * has an obligation to decide material issues which have been fairly tried by the parties even though they have not been specifically pleaded." American Boiler Mfgrs. Assn. v. N. L. R. B., 404 F.2d 547, 556 (8th Cir. 1958). To the same effect, see, e. g., N. L. R. B. v. Mackay Radio & Telegraph Co., 304 U.S. 333, 349–350, 58 S.Ct. 904, 82 L.Ed. 1381 (1938); United Packinghouse, Food and Allied Workers Int'l Union, A. F. L.– C. I. O. v. N. L. R. B., 135 U.S.App.D.C. 111, 416 F.2d 1126, 1134 n. 12 (1969); N. L. R. B. v. Great Dane Trailers, Inc., 363 F.2d 130, 133 (5th Cir. 1966).

██ Substantial evidence on the record as a whole supports the further findings:

(1) That the company discharged employees Knapp and Chenoweth for discriminatory reasons;

(2) That Chenoweth did not exercise such independent judgment in performance of his job as to constitute him a supervisor;

(3) That the company's letters inquiring of the discharged employees as to their availability for re-employment did not constitute unconditional offers of re-employment.

The order of the Board is entitled to enforcement. The petition of the company is denied. The cross-petition of the Board is granted.