COMMON CARRIER CONFERENCE— IRREGULAR ROUTE, a Conference of the American Trucking Associations, Inc., Petitioner,

v.

The UNITED STATES of America and the Interstate Commerce Commission, Respondents,

Steel Carriers Conference of A.T.A., et al., Intervenors.

No. 75–1510.

United States Court of Appeals, District of Columbia Circuit.

Argued March 31, 1976.

Decided April 23, 1976.

Rehearing Denied May 17, 1976.

■■■■■■

■■■■■■

Edward G. Villalon, Washington, D. C., with whom James E. Wilson and Jon F. Hollengreen, Washington, D. C., were on the brief for petitioner and intervenor Steel Carriers Conference of A. T. A. Chandler L. van Orman, Washington, D. C., was on the brief for intervenor, Pre-Fab Transit Co.

Peter A. Fitzpatrick, Atty., I. C. C., Washington, D. C., with whom Fritz R. Kahn, Gen. Counsel, I. C. C. and John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., were on the brief for respondents.

Paul M. Daniell, Washington, D. C., of the bar of the Supreme Court of the United States, pro hac vice by special leave of court, with whom Edward G. Villalon, Washington, D. C., was on the brief for intervenors, Watkins Motor Lines, Inc., and others.

John P. McMahon and A. Charles Tell, Columbus, Ohio, were on the brief for intervenors, Ace Doran Hauling & Rigging Co., and others.

E. Stephen Heisley, Washington, D. C., was on the brief for intervenor, Colonial Refrigerated Transportation, Inc.

Edward G. Villalon, Washington, D. C., signed a brief for intervenors Anderson Trucking Service, Inc., and others.

Before BAZELON, Chief Judge, LEVENTHAL, Circuit Judge and A. SHERMAN CHRISTENSEN,* United States Senior District Judge for the District of Utah.

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. The regulations and order were issued in *Motor Common Carriers of Property Routes and Service,* Ex Parte No. 55, Feb. 25, 1974. They are codified at 49 C.F.R. 1065 (1975).

PER CURIAM:

The issues in this case are well known to the industry, and are reasonably identified in the opinions (including the dissenting opinion) of the Interstate Commerce Commission on reconsideration. We therefore propose no extended statement of the facts and issue. At issue are the Commission's Gateway Elimination Regulations challenged as being in excess of the Commission's statutory authority and as being promulgated without adequate notice. These regulations govern the "gateway" problems experienced by irregular-route motor common carriers, and seek to eliminate circuitous operations resulting from the carriers combining or "tacking" two separate grants of route authority at a service point common to each.[1] In *Thompson Van Lines v. United States,*[2] a three-judge district court held that the elimination of gateways by rulemaking was an appropriate exercise of the ICC's rulemaking authority. This case challenges the appropriateness of applying the Gateway Elimination Rules to transfers and acquisitions of irregular route certificates. The Commission specifically addressed and rejected petitioners' argument.[3]

I.

In brief, we affirm the regulations and order, and deny the petitions for review for the following reasons.

■■■ In the particular circumstances of this case, we do not think we can say that the aspect of the order presently before us must be vacated because of lack of adequate notice. The industry was generally on notice that the ICC was proposing a large scale revision of its policies on gateway issues and on tacking of certificates. Section 553 of the APA does not require every aspect of the proposed order to be

---

2. 399 F.Supp. 1131 (3-judge court, D.D.C.1975), *aff'd per curiam,* 423 U.S. 1041, 96 S.Ct. 763, 46 L.Ed.2d 630 (1976).

3. *See* Order Denying Petition for Reconsideration, Ex Parte No. 55, April 1, 1975.

explained in the general notice.[4] Even where there is a technical flaw in the notice, it can be overcome if the actual conduct of the proceeding provides notice to the participants of what is under contemplation. *See, e. g., Texaco v. F. E. A.,* 531 F.2d 1071 (1976). Here, the reference in the docket which accompanied the formal notice of rulemaking would indicate, albeit in a footnote, that in the Commission's mind a corollary of its proposed new gateway approach would be its application to future transfers of operating rights and certificates. That footnote did prompt presentations on behalf of some irregular carriers making the kind of points raised by petitioners before us. These points were presented to the I.C.C. prior to issuance of the gateway regulations. The same points were of course raised after issuance of the gateway regulations on petitions for reconsideration. That the attention of the Commission was focused on the matter is clear enough from the analysis in Commissioner Clapp's dissent as well as from the discussion in the Commission's opinion.

Finally, the substantive issues at stake here are in a sense procedural, relating to burden of proof. While the importance of such procedural issues cannot be gainsaid, we need not have the same requirement for, say, a second round of notice and comment, as has emerged for agencies dealing with areas where scientific facts are involved and notice must be given with more particularity so that the issues can be fairly drawn and comment fairly presented. *Cf.* Pederson, "Formal Records and Informal Rulemaking" 85 Yale L.J. 38 (1975).

## II.

■ On the legal issues in the case, while the discussion of the ICC is compressed, we think it is adequate, especially when taken in combination with the discussion of the court in *Thompson, supra.*

Briefly the matter stands that in accordance with the spirit of Section 5 [5] one carrier can acquire the rights of another merely by showing satisfaction of the public interest standard (*e. g.,* on a showing of lack of dormancy.) However, Section 5 is not a guarantee that tacking would be allowed where there has been no satisfaction of the higher standard of public convenience and necessity. We are fully aware that in economic and managerial terms it is the prospect of tacking that inspires the bulk of applications under § 5 for transfer. Nevertheless, as the *Thompson* opinion shows, the acquisition of tacking rights is a policy of the Commission rather than an absolute right of the transferee. Section 208(a),[6] giving the Commission general power to attach conditions to certificates, gives the ICC considerable discretion and latitude in the fashioning of conditions considered germane to the provisions of the Act and to its regulatory programs.

Even with the regulations under challenge, the ICC does contemplate that tacking rights will be provided, either through the connecting point or by a direct route that bypasses the connecting point and avoids circuity. The requirement of a showing of public convenience and necessity, at least where because of tacking the application initiates what amounts to a new service for the carrier involved, is not contrary to the scheme of the Act, in our view, and we have no basis in the record before us for concluding either that this is unreasonable on its face or that it will be unreasonably applied. Carrier freedom is not as complete as it was prior to the order before us, and doubtless there will be some instances of what will prove to be unnecessary burdens and perhaps unsound action. On the other hand, this is not an unreasonable price to pay to gain the advantage of the regulations, taken in the large, of fuel savings and other benefits from avoidance of circuity. There is at least some reason to

---

4. *Buckeye Cablevision, Inc. v. FCC,* 128 U.S. App.D.C. 262, 268, 387 F.2d 220, 226 and n. 26 (1967); 5 U.S.C. § 553(b)(3) (1970).

5. Interstate Commerce Act, 49 U.S.C. § 5 (1970).

6. 49 U.S.C. § 308(a) (1970).

hope that at this relatively late moment of time, a large part of the paperwork burdens that resulted from the order may belong more to the past than the future. In any event, the reviewing court must restrain itself from intervention in the absence of a convincing showing of unreasonableness.

We have considered and rejected other arguments made by petitioners.

*Affirmed.*