NATIONAL STEEL & SHIPBUILDING COMPANY, Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS and Arthur F. Henry, Respondents.

No. 78–2490.

United States Court of Appeals, Ninth Circuit.

April 3, 1980.

Joseph J. Wilson, San Diego, Cal., for petitioner.

Catherine Giacona, Dept. of Justice, Civil Division, Washington, D. C., argued, Gilbert T. Renaut, Atty., Washington, D. C., Donald W. Zellmann, San Diego, Cal., on brief for respondents.

Petition for Review of the Benefits Review Board, United States Department of Labor.

Before ELY and WALLACE, Circuit Judges, and KING,* District Judge.

PER CURIAM:

The respondent Henry suffered two physical injuries, the first on March 30, 1972 (Claim No. 13–20471) and the second (Claim No. 13–33791) on April 13, 1973. At the times of the injuries, Henry was employed by the petitioner National Steel & Shipbuilding Company (NASSCO) and was covered by the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. (the Act). The petitioner's contention that Henry was not altogether covered by the Act has no merit.

On January 23, 1976, a notice of a formal hearing, scheduled for February 11, 1976, was issued concerning the first injury, Claim No. 13–20471. The notice set forth that the hearing would be conducted on February 11, 1976. At the hearing, the administrative law judge (ALJ) consolidated the two claims pursuant to Henry's request on the ground that the two claims presented related issues. On July 29, 1977, the ALJ issued a Decision and Order adjudicating both claims. The petitioner sought review by the Benefits Review Board (BRB) and on May 31, 1978, the BRB issued a final decision which essentially upheld the disposition made by the ALJ. The petitioner has now sought review in this court pursuant to 33 U.S.C. § 921(c).

Here, the petitioner divides its argument into four contentions: (1) that it was denied procedural due process because it was given constitutionally inadequate notice that both claims would be adjudicated at the hearing of February 11, 1976; (2) that, alternately, it was denied due process of law because of the alleged failure of the Department of Labor to follow its own internal operating procedures in the adjudication of the second claim; (3) that the findings of the BRB are not supported by substantial evidence in the record; and (4) that the BRB abused its discretion in considering the petition for review.

As conceded by the petitioner's attorney during oral argument, the first two of the foregoing contentions are interrelated.

While it is well settled that an administrative adjudication extending beyond the issues defined in a notice of hearing is void for lack of jurisdiction, it is also well settled that technical flaws in a notice can be cured if the actual conduct of the administrative proceedings provides notice to the participants of that which is under consideration. *See Golden Grain Macaroni Co. v. F.T.C.,* 472 F.2d 882 (9th Cir. 1972), *cert. denied,* 412 U.S. 918, 93 S.Ct. 2730, 37 L.Ed.2d 144 (1973); *REA Trucking Co. v. N.L.R.B.,* 439 F.2d 1065 (9th Cir. 1971); *Savina Home Industries v. Secretary of Labor,* 594 F.2d 1358 (10th Cir. 1979); *North Alabama Express, Inc. v. United States,* 585 F.2d 783 (5th Cir. 1978); *Common Carrier Conference—Irregular Route v. United States,* 175 U.S.App.D.C. 244, 534 F.2d 981 (D.C.Cir.), *cert. denied,* 429 U.S. 921, 97 S.Ct. 317, 50 L.Ed.2d 288 (1976); *Texaco, Inc. v. F. E. A.,* 531 F.2d 1071 (Emer.Ct. App.), *cert. denied,* 426 U.S. 941, 96 S.Ct.

* The Honorable Samuel P. King, Chief United States District Judge, District of Hawaii, sitting by designation.

2662, 49 L.Ed.2d 394 (1976). From our review of the record, it is clear to us that the parties were, in fact, informed of the full extent of the February 11th inquiry in time to present meaningful evidence and argument prior to the ultimate adjudication. At the February 11th hearing, the ALJ, after granting Henry's request for consolidation of the two claims, undertook to remedy the defective notice by scheduling a supplementary hearing to consider whatever additional issues might be raised by the second claim, No. 13–33791. At this time, however, the petitioner's attorney stated:

> [t]he issue is such that a supplemental hearing is not *necessarily needed*, but I would ask, *in the alternative*, for 45 days to submit further medical opinion and affidavits, at least *as an alternative solution*. (emphasis added).

The request for the additional 45-day period within which "to submit further medical opinion and affidavits" was granted; thus, the petitioner was, in truth, not deprived of anything to which it was entitled. It expressly waived the proffered right to a supplemental hearing on issues relating to the second claim. Due process rights to notice and hearing prior to civil adjudication may be waived if the waiver is clear and unequivocal. *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556, *reh. denied*, 409 U.S. 902, 93 S.Ct. 177, 34 L.Ed.2d 165 (1972); *D. H. Overmyer v. Frick Co.*, 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972); *Stewart v. Pearce*, 484 F.2d 1031 (9th Cir. 1973); *Great Falls Community TV Cable Co. v. F. C. C.*, 416 F.2d 238 (9th Cir. 1969). We hold that the above-quoted statement of petitioner's counsel constituted a "clear and unequivocal" waiver. The petitioner could not subsequently retract its waiver, as it attempted to do, after being granted its requested 45-day extension. Even if it should be assumed that the petitioner did not waive the supplementary hearing which was tendered, the record, as a whole, indicates that the petitioner was aware, from the beginning, that in the hearing scheduled for February 11, 1976, evidence bearing upon the interrelation of the two claims would be presented. Since the petitioner was adequately informed as to this, its due process rights, both as to notice and the alleged failure to follow internal operating procedures, were not violated.

 Finally, we hold that the challenged findings of the BRB are amply supported by substantial evidence and that the BRB did not abuse its discretion in considering a petition for review which the petitioner itself had filed.

The Petition for Review is not well taken, and the final decision of the BRB will be ENFORCED.[1]

---

1. At oral argument, the petitioner conceded that Henry's attorney would be entitled to reasonable attorney's fees should the Petition for Review be rejected. The attorney for the respondent Henry will submit a verified claim for attorney's fees for his services in connection with the proceedings in this court. Such claim shall be filed within 20 days of the issuance of this decision and if NASSCO objects to the claim, it shall file written objections within 15 days from the time of its receipt of a copy of the verified claim filed by Henry's attorney.