FILED

NOT FOR PUBLICATION

NOV 17 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HODSON BROADCASTING; RICHARD
DEAN HODSON, sole proprietor of
Hodson Broadcasting,

Defendants - Appellants.

No. 14-17023

D.C. No. 2:11-cv-332-APG-GWF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted October 18, 2016[**]
San Francisco, California

Before: TASHIMA and M. SMITH, Circuit Judges, and KORMAN,[***] District
Judge.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Edward R. Korman, Senior District Judge for the U.S.
District Court for the Eastern District of New York, sitting by designation.

Richard Hodson, a sole proprietor doing business as Hodson Broadcasting, operated a radio station without authority, in violation of 47 U.S.C. § 301. The Federal Communications Commission imposed a $20,000 forfeiture and referred the matter to the U.S. Attorney, who sued in district court to recover the money. Hodson appeals from a grant of summary judgment for the United States, challenging both liability and the amount of the forfeiture, as well as the denial of leave to file an amended counterclaim. We review de novo the FCC's determination that Hodson is liable. 47 U.S.C. § 504(a). Because Hodson has appeared *pro se* throughout this litigation, we construe his arguments liberally, *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010), but he must still "comply strictly with the summary judgment rules," *id.* (citing *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007)).

We observe at the threshold that the notices of apparent liability, the forfeiture order, and the U.S. Attorney's complaint neglected to cite 47 U.S.C. § 301 as the basis for forfeiture. Instead, they cited 47 C.F.R. § 73.1620, which does not create any enforceable duty. The erroneous citation was not raised below, nor is it raised on appeal. Moreover, this action was prosecuted as a case of unauthorized transmission. Since the issue was tried by the parties' implied consent, the failure to cite § 301 in the complaint may be excused under Fed. R. Civ. P. 15(b)(2). And although the Communications Act requires that each notice of apparent liability identify the legal

command the defendant violated, 47 U.S.C. § 503(b)(4), "technical flaws in a notice can be cured if the actual conduct of the administrative proceedings provides notice to the participants of that which is under consideration," *Nat'l Steel & Shipbuilding Co. v. Director, O.W.C.P.*, 616 F.2d 420, 421 (9th Cir. 1980) (per curiam).

1. Title 47 U.S.C. § 301 bans all transmission of "energy or communications or signals by radio" unless authorized under the Communications Act. Section 503 of the same title authorizes monetary forfeitures for "willful[] or repeated[]" violations of § 301, which the FCC may impose after following certain procedures. *See* 47 U.S.C. § 503(b)(1)(B), (b)(4). The U.S. Attorney has produced substantial evidence that, for more than a year, Hodson willfully and repeatedly transmitted radio signals from a different location and at different technical parameters than those specified in his construction permit. Even taking his submissions in the most generous light, Hodson has not shown a genuine issue of material fact for trial. None of his submissions contradict any of the facts material to a § 301 violation.

Hodson's other challenges to summary judgment are similarly meritless. Hodson had no authority to transmit as he did. Because his construction permit contained a special condition requiring FCC approval before program testing—which was never granted—Hodson's transmissions could not have been valid under 47

3

C.F.R. § 73.1620. And because he transmitted at variance from the terms of his permit, he could not have been conducting a valid equipment test, which only allows transmission to assure compliance with those terms. 47 C.F.R. § 73.1610.

Nor was summary judgment improper in these circumstances because the Communications Act requires a "trial de novo." *See* 47 U.S.C. § 504(a). We have held as much with respect to an identical requirement in another statute, *Mahroom v. Hook*, 563 F.2d 1369, 1376–77 (9th Cir. 1977) (respecting 42 U.S.C. § 2000e-16), as has every circuit to consider the same question in other contexts, *see, e.g.*, *Freedman v. U.S. Dep't of Agric.*, 926 F.2d 252, 261 (3d Cir. 1991) (respecting 7 U.S.C. § 2023).

Neither has Hodson made out a due process violation. The internal FCC exhibits he did not have access to could not have been a basis for summary judgment because the U.S. Attorney never provided them to the district judge, and Hodson—who now has access to the exhibits—has not identified any material that could have precluded summary judgment if he had offered it. The denial of discovery in a civil case does not require reversal unless there is "actual and substantial prejudice." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citations and internal quotation marks omitted). And of course, the district judge "was within its

discretion to dispense with oral argument" on summary judgment. *Carpinteria Valley Farms, Ltd. v. Cty. of Santa Barbara*, 344 F.3d 822, 832 n.6 (9th Cir. 2003).

2. Hodson also challenges the amount of the forfeiture. The determination of the amount of a forfeiture is committed to the discretion of the FCC. *See* 47 U.S.C. § 503(b)(2)(E). Review of a forfeiture amount is limited to whether it reflects a reasonable application of the statute and the "adjustment criteria" set out in § 1.80(II) of the FCC's rules. *See Grid Radio v. FCC*, 278 F.3d 1314, 1322–23 (D.C. Cir. 2002). Here, the base forfeiture amount for each of Hodson's two instances of "[c]onstruction and/or operation without an instrument of authorization for the service" is $10,000. The FCC noted some material supporting Hodson's claimed inability to pay—the only downward criteria he argued—but also found that any consequent reduction was offset by multiple upward adjustments for intentional and repeated violations. The FCC's decision not to adjust downward was reasonable and not an abuse of discretion.

3. Denying leave to amend a complaint is proper when amendment would be futile. *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015). Hodson's Amended Counter-Complaint proposed two claims for damages under the Federal Tort Claims Act. The district court properly found that both were futile. The FTCA does not create a right of action, it only waives the United States' sovereign immunity

for conduct actionable under state tort law. *See Jachetta v. United States*, 653 F.3d 898, 904 (9th Cir. 2011). Hodson does not assert any state-law claim, and what he does assert—essentially that the FCC failed to carry out its administrative duties under federal law—is "not actionable under the FTCA because any liability would arise under federal rather than state law." *Id.*

**AFFIRMED.**